UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

AUG 2 0 2014

PER_____
DEPUTY CLERK

DANE E. YOUNG, SR.,                    :
                                       :
        Plaintiff                      :
                                       :
    v.                                 : CIVIL NO. 3:CV-13-2232
                                       :
COMMONWEALTH OF PA., et al.,           : (Judge Kosik)
                                       :
        Defendants                     :

## MEMORANDUM

Plaintiff, Dane E. Young, Sr., an inmate confined at the State Correctional

Institution at Mahanoy, Pennsylvania, filed this civil rights action pursuant to 42

U.S.C. § 1983. Named as Defendants are the Commonwealth of Pennsylvania, the

Pennsylvania Department of Corrections, and SCI-Mahanoy employees Kerry

Dennison and Counselor Snider. Waivers of service have been returned unexecuted

with respect to Dennison and Snider. A motion to dismiss has been filed on behalf of

Pennsylvania and the Department of Corrections. (Doc. 14.) Also pending is

Plaintiff's motion to amend/correct the complaint (Doc. 24).

## I.    Background

In the complaint, Plaintiff sets forth allegations with respect to his Prescriptive

Program Plan and his completion of certain classes and programs recommended by

his plan. For example, he claims that he completed stress and anger management

class and the STEP program offered as a non-admitted sex offender, as well as met other recommendations under his plan. On September 7, 2012, he states that he was staffed for parole by Unit Manager Spaide and Counselor Hawk and there was no documentation revealing his completion of the STEP program. Plaintiff thereafter sought to remedy the situation through Deputy Tritt. The request was forwarded to Unit Manager Spaide for review/resolution. On October 8, 2012, in response to a status inquiry from Plaintiff, Tritt said he knew nothing about the matter.

On October 12, 2012, Plaintiff filed a grievance seeking to ascertain what happened to the BC-134 Information Report which acknowledged his completion of the STEP program. Spaide denied the grievance stating that the STEP program is not a required DOC program, and documentation of participation would have been at the discretion of his counselor at the time. Appeals with respect to this matter were unsuccessful. At the final appeal level, the Chief Grievance Officer concluded that the 1993 program (STEP) was not a sex offenders program and has no bearing on Plaintiff's current prescriptive program.

Plaintiff alleges that his November 12, 1997 DC-43 Prescriptive Program Plan reveals a notation by Defendant Dennison "that there is no documented completion in file" of participation in sex offender program. He claims this resulted in Counselor Snider's recommendation that Plaintiff participate in the STEP program.

Plaintiff claims that Dennison and Snider failed to keep accurate records and

purge errors after they were brought to their attention. He further alleges they had an established practice of refusing credit for a completed program because it was not taken at their institution, and then deny recommendation for parole for failure to take prescriptive programs. He further alleges that Defendants were negligent and such behavior resulted in the denial of his parole. He further alleges these claims against the successors to Snider and Dennison, who serve in the same capacities.

As a result of the foregoing, Plaintiff states that he has suffered the denial of five (5) DOC recommendations for parole, and is now in prison 10 years beyond his minimum term. He demands compensatory and punitive relief. He claims that the Department of Corrections is vicariously liable for the damages caused by the negligence of its employees. He further claims that the Pennsylvania Department of Corrections had a policy, custom, pattern and practice which increased the risk of the denial of recommendation and parole.

Service of the complaint was directed on the Defendants. Waivers came back unexecuted with respect to Defendants Dennison and Snider. (Docs. 9, 10.) An order was issued on December 3, 2013, directing Plaintiff to provide current addresses where these Defendants could be served with the complaint. (Doc. 16.) Thereafter, Plaintiff submitted an affidavit advising the court that he has provided the only address known for Dennison, but to the extent he is no longer employed at SCI-Mahanoy, that his successor Pam Tomko should be included as a Defendant in this

3

matter, since in the complaint he names Dennison's successors as well. With respect to Defendant Snider, Plaintiff states that Snider's successor Counselor Hawk, who remains employed at SCI-Mahanoy, should also be a Defendant as Snider's successor.

Defendants Pennsylvania and the Department of Corrections have filed a motion to dismiss the complaint against them on the basis of sovereign immunity under the Eleventh Amendment. (Doc. 14.)

Plaintiff seeks leave to file an amended complaint to seek injunctive relief instead of damages against Pennsylvania and the Department of Corrections. He also seeks to replace Defendants Dennison and Snider with their successors Counselor Hawk and Pam Tomko. Along with his complaint, he submits an amended complaint which merely consists of the replacement paragraphs to his original complaint. (Doc. 24, Ex. 1.)

## II. Discussion

### A. Motion to dismiss

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial

plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). This requires a plaintiff to plead "sufficient factual matter to show that the claim is facially plausible," thus enabling "the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(internal quotation marks and citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, ___ U.S. , ___, ___, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)(quoting Twombly, 550 U.S. at 556.) If a party does not "nudge [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." Twombly, 550 U.S. at 570. "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Id., 127 S. Ct. at 1965 (quoted case omitted). After Twombly and Ashcroft, "conclusory or bare-bones allegations will no longer survive a motion to dismiss; threadbare recitals of the elements of a cause of action supported by mere conclusory statements do not suffice." Fowler, 578 F.3d at 210 (internal quotation marks and citation omitted). While the complaint "does not need detailed factual allegations ... a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

Plaintiff is attempting to assert a Section 1983 claim against Pennsylvania and

the Department of Corrections.  These claims will be dismissed because these Defendants are not "persons" for purposes of Section 1983.[1]  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66 (1989) (concluding that an individual may not sue a state in federal court under Section 1983 because a state is not a "person" under that section); Pettaway v. SCI Albion, 487 F. App'x 766, 768 (3d Cir. 2012)("[A]s a state agency and the prison it administers, the Department of Corrections and SCI-Albion are not 'persons' and thus cannot be sued under 42 U.S.C. § 1983.").  In addition, Defendants Eleventh Amendment arguments are well-taken.  The Eleventh Amendment bars a lawsuit against Defendants because Congress has not abrogated the States' immunity from section 1983 actions, and Pennsylvania has withheld its consent to suit in federal court. See Pettaway, 487 F App'x at 768.  For these reasons,

---

[1] Section 1983 provides in pertinent part as follows:

> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subject, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. §1983 (emphasis added).

said Defendants will be dismissed, and any leave to amend would be futile.[2]

### B.    Motion for leave to amend

Waivers of service with respect to Defendants Dennison and Snider were returned to the court unexecuted.  Plaintiff had attempted service at SCI-Mahanoy where Defendants were employed at the time of the incidents set forth in the complaint.  The waivers were returned noting that said individuals were no longer at the Mahanoy Institution.  After he was directed to provide the court with current addresses for these defendants, Plaintiff submitted an affidavit stating that he has provided the only addresses available for them.  He appears to acknowledge that these Defendants are no longer employed at SCI-Mahanoy, but does not provide any further address for either one.  Instead, he appears to request to have the successors in Defendants' positions at said prison added as defendants.  (Doc. 18.)  This also is the basis of his pending motion to amend his complaint.[3]  It appears he seeks to add Counselor Hawk, Snider's successor, as a defendant.  According to Plaintiff, Hawk conducted Plaintiff's last staffing for parole wherein it was determined that he had not completed a sex offenders program.  He also seeks to add Pam Tomko, Dennison's

---

[2] In his pending motion for leave to amend, Plaintiff seeks to add a claim for injunctive relief against said Defendants.  Because they are not proper Defendants, any such amendment would be futile.

[3] The second basis for seeking amendment is to assert injunctive relief claims against Pennsylvania/Department of Corrections.  This request will be denied in accordance with the foregoing argument dismissing said Defendants.

replacement as Psychological Services Associate.  According to Plaintiff, Tomko conducted his last psychological interview for parole.  At that time, she was advised of the missing BC-134 Information Report evidencing completion of the STEP while Plaintiff was confined at SCI-Huntingdon.

Plaintiff's motion to amend the complaint will be granted only to the extent that he will be afforded twenty (20) days within which to submit a proper amended complaint setting forth his allegations against Dennison, Snider, Hawk and Tomko. Although Plaintiff generally mentioned Dennison and Snider's "successors" in his original complaint, he failed to provide their names or include the specific claims against them.  The "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed."  Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). The amended complaint must set forth his specific allegations with respect to how each of these individuals was personally involved in the deprivation of Plaintiff's rights.  An appropriate order follows.

8