IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANA E. YOUNG, | : | |
| Plaintiff, | : | 3:13-cv-2232 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| COUNSELOR HAWK, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

### August 30, 2017

This matter is presently proceeding *via* an amended complaint filed on

September 5, 2014, pursuant to 42 U.S.C. § 1893, by Plaintiff Dana E. Young

("Plaintiff" or "Young"). (Doc. 27). Named as defendants are Pennsylvania

Department of Corrections ("DOC") employees, Counselor Hawk ("Hawk") and

Pam Tomko (Tomko"). Young alleges that the failure of Hawk and Tomko to

address his concern, that information pertinent to his ability to be released on

parole is missing from his DOC inmate file, violates his due process rights. (Doc.

27).

Presently before the Court is Defendants Hawk and Tomko's motion (Doc.

51) for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the

reasons set forth below, the motion will be granted.

## I. STANDARD OF REVIEW

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *Brown v. Grabowski*, 922 F.2d 1097, 1111 (3d Cir. 1990). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Id.*; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477

U.S. 317, 323 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d

Cir. 1996).  Once such a showing has been made, the non-moving party must go

beyond the pleadings with affidavits, depositions, answers to interrogatories or the

like in order to demonstrate specific material facts which give rise to a genuine

issue.  FED. R. CIV. P. 56; *Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co. v.

Zenith Radio*, 475 U.S. 574, 586 (1986) (stating that the non-moving party "must

do more than simply show that there is some metaphysical doubt as to the material

facts"); *Wooler v. Citizens Bank*, 274 F. App'x. 177, 179 (3d Cir. 2008).  The party

opposing the motion must produce evidence to show the existence of every

element essential to its case, which it bears the burden of proving at trial, because

"a complete failure of proof concerning an essential element of the nonmoving

party's case necessarily renders all other facts immaterial." *Id.* at 323; *see also*

*Harter v. G.A.F. Corp.*, 967 F.2d 846, 851 (3d Cir. 1992).  "[T]he non-moving

party 'may not rely merely on allegations or denials in its own pleadings; rather, its

response must . . . set out specific facts showing a genuine issue for trial.'" *Picozzi*

*v. Haulderman*, 2011 WL 830331, *2 (M.D. Pa. 2011) (quoting FED. R. CIV. P.

56(e)(2)).  "Inferences should be drawn in the light most favorable to the non-

moving party, and where the non-moving party's evidence contradicts the

movant's, then the non-movant's must be taken as true."  *Big Apple BMW, Inc. v.*

*BMW of North America. Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

## II.    STATEMENT OF MATERIAL FACTS

In 1983, Young was convicted of rape and kidnaping in the Court of

Common Pleas of Lehigh County, Pennsylvania, and sentenced to an aggregate

term of imprisonment of twenty-one to forty-two years.  (Doc. 52, ¶ 3; Doc. 59, ¶

3).  He became eligible for parole in 2004.  (*Id.* at 4; *Id.* at 4).  He has been denied

parole on approximately five occasions because he has not successfully completed

sex offender therapy.  (*Id.* at 5, 6; *Id.* at 5, 6).

According to prison records attached to Young's Amended Complaint, he

completed the sex offender Structured Treatment Education Program ("STEP")

while housed at the State Correctional Institution at Huntingdon ("SCI-

Huntingdon").  (*Id.* at 7, 8, 13; *Id.* at 7, 8, 13).  The prison records include the

following:  1) "Information Report" dated August 25, 1993, indicating he

"Completed STEP [sex offender programming] satisfactory by attending 14 of 15

sessions. The program began April 17, 1993 and ended August 25, 1993";  2)

"Prescriptive Program Plan" document dated January 31, 1997, noting under

"RESULTS ACHIEVED" that he "completed SOP [sex offender programming] at

Huntingdon"; 3) "Prescriptive Program Plan" document dated September 1, 1998,

recommending participation in sex offender program. (*Id.* at 8, 11-20; *Id.* at 8, 11-20). These records are not in Young's inmate file. (*Id.* at 10; *Id.* at 10). Young has notified corrections officials that his file is inaccurate because it does not contain these records. (*Id.* at 9; *Id.* at 9).

Kenneth Ley ("Ley"), a Licensed Psychologist Manager employed by the DOC, declares that he is familiar with the STEP Program, which is a non-admitter program designed to help sex offenders accept a degree of responsibility for their actions. (*Id.* at 21; *Id.* at 21; Doc. 54, p. 9, ¶¶ 7-11). The program did not contain an admitter's requirement. (Doc. 52, at 22; Doc. 54, p. 9, ¶ 11). The program is no longer in use. (Doc. 54, p. 9, ¶ 9). Ley indicates that successful completion of the DOC's sex offender treatment for purposes of a parole recommendation requires admission of the wrongdoing and that completion of the STEP program "would not be a basis to give petitioner [Young] credit for completing the sex offender therapy with an admitter's requirement, as required by the Department for recommendation for parole." (Doc. 52, at 23; Doc. 59, at 23; Doc. 54, p. 10, ¶ 15).

James Hawk ("Hawk"), who is employed by the DOC as a Corrections Counselor 2, echoes that completion of the STEP program would not be a basis to give Young credit for completing the sex offender therapy with an admitter's requirement. (*Id.* at 31; *Id.* at 31; Doc. 54, p. 2, ¶ 13). Since at least 2003, Young

has repeatedly been advised of the need to complete sex offender therapy that contains the admitter's requirement, but refuses to take the sex offender therapy containing the admitter's component. (*Id.* at 24, 28; *Id.* at 24, 28; Id. at p. 3, ¶ 10). Defendants have refused to credit Young with completion of sex offender therapy because he did not complete the program with an admitter's requirement. (*Id.* at 25, 30; *Id.* at 25, 30).

## III.  DISCUSSION

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id.; see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002*); Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

6

Young contends that his due process rights have been violated. The

Fourteenth Amendment provides that the State may not "deprive any person of life,

liberty, or property without due process of law." U.S. Const. amend. XIV.

Analysis of a procedural due process claim under the Fourteenth Amendment is a

two step process. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564,

571 (1972). First, the court must determine whether there exists a liberty or

property interest which has been interfered with by the state. *Kentucky Dept. of*

*Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citing *Board of Regents*, 408 U.S. at

571). Second, if a plaintiff establishes the existence of a protected interest, the

court must examine whether the attendant procedures were constitutionally

sufficient. *Id.* (citing *Hewitt v. Helms*, 459 U.S. 460, 472, 103 S.Ct. 864, 74

L.Ed.2d 675 (1983)). A liberty interest can arise in one of two ways: 1) it can be

derived directly from the Due Process clause of the Federal Constitution or 2) it

can arise from the state's statutory scheme. *Asquith v. Department of Corrections*,

186 F.3d 407, 408 (3d Cir. 1999) (finding that "[a] protected liberty interest may

arise from only one of two sources: the Due Process Clause or the laws of a

state.").

Young's Amended Complaint has been liberally construed to state a "limited constitutional right, [recognized in *Paine v. Baker*, 595 F.2d 197, 201 (4th Cir. 1979)], to have inaccurate information in prison files corrected when those inaccuracies have constitutional significance in that they lead to a denial of parole."[1] (Doc. 42, pp. 10-11; Doc. 43). In *Paine*, it was determined that "in certain limited circumstances a claim of constitutional magnitude is raised where the prisoner alleges (1) that information is in his file, (2) that the information is false, and (3) that it is relied on to a constitutionally significant degree." *Paine*, 595 F.2d at 201. Defendants concede that Young meets the first and second prongs of the *Paine* test. (Doc. 53, p. 5). However, they dispute that the missing information was capable of being relied upon to a constitutionally significant degree. Specifically, they argue that completion of the STEP program has no practical significance since it would not be a basis for giving Young credit for completing the sex offender therapy program with an admitter's component, as required by the DOC for parole recommendation. (Doc. 53, pp. 5-6). Young counters that Defendants' refusal to properly credit him for a completed program "result[ed] in an inaccurate record and the denial of the right to have parole considered on the basis of accurate information." (Doc. 55, p. 5).

---

[1] Young's situation is the converse of *Paine* in that his claim concerns information missing from his inmate file.

The Third Circuit Court of Appeals has not endorsed *Paine*, "and other Circuit Courts of Appeals have expressly questioned its precedential value," especially in instances where there is no protected liberty interest at stake. *Williams v. Fed. Bureau of Prisons*, 85 F. App'x 299, 303 (3rd Cir. 2004) (citing *Johnson v. Rodriguez*, 110 F.3d 299, 308–09 n. 13 (5th Cir. 1997) (observing that "[t]hose courts that continue to give lip service to *Paine* have practically emasculated it by reading its third requirement, that the information be relied upon to a constitutionally significant degree, in tandem with subsequent jurisprudence recognizing that there is no procedural Due Process protection for procedures which are unrelated to a protected liberty interest."). *See also Hemming v. Ebbert*, No. 1:15-cv-1298, 2016 WL 1045587, *2 (M.D.Pa March 16, 2016) (questioning availability of *Paine* doctrine in this circuit); *Stanley v. St. Paul*, 773 F. Supp. 2d 926, 929 (D. Idaho 2011) (finding for Idaho inmates, *Paine* provides no viable legal grounds for relief where no liberty interest is found); *Hearst v. Keating*, No. 04–3129–SAC, 2007 WL 2318866, at * 2 (D.Kan. 2007) (unpublished opinion) (dismissing a 42 U.S.C. § 1983 action finding *Paine* of no help to petitioner because he cannot satisfy the third requirement—there is no protected liberty interest in being released on parole—thus consideration of any erroneous or incomplete information in petitioner's prison file when reviewing suitability for

release on parole would not constitute a constitutionally significant reliance on such information).

In the matter *sub judice*, there clearly is no protected liberty interest at stake. Young has no right to parole under either federal or state law. *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979) (holding that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *Burkett v. Love*, 89 F.3d 135, 139 (3d Cir.1996); *see also Cody v. Vaughn*, 770 A.2d 287, 289 (Pa. 2001) (holding that there is no clear legal right to the grant of parole in Pennsylvania); *see also Rogers v. Pa. Bd. of Prob. & Parole*, 555 Pa. 285, 724 A.2d 319, 322–23 (Pa. 1999) (affirming Parole Board's discretion to grant or deny parole because "parole is a matter of grace and mercy shown to a prisoner who has demonstrated to the Parole Board's satisfaction his future ability to function as a law-abiding member of society upon release before the expiration of the prisoner's maximum sentence"). Nor is there an enforceable liberty interest in rehabilitative pre-release programs, or in therapy programs. *McFadden v. Lehman*, 968 F. Supp. 1001, 1004 (M.D.Pa. 1997). Because Young is seeking relief based on procedures that are unrelated to a protected liberty interest, he is unable to establish, as required by *Paine*, that the absent documents would be relied upon to a

10

constitutionally significant degree. *See McCrery v. Mark*, 823 F. Supp. 288, 291 (E.D.Pa.1993) ("[T]his court finds that plaintiff has failed to satisfy the third condition.... [M]ost importantly, plaintiff has not claimed that the supposedly false information in his file has in fact been relied upon to any degree, let alone 'to a constitutionally significant degree.'"). Consequently, his due process claim fails.

IV.  **CONCLUSION**

Based on the foregoing, Defendants' motion (Doc. 51) for summary judgment will be granted.

An appropriate Order will issue.